Jose Esteban Balderas ROMERO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 08–70371.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan R. Diamante, Law Offices of Alan R. Diamante, Los Angeles, CA, for Petitioner.

Joanna L. Watson, John D. Williams, Esquire, Ernesto H. Molina, Jr., Esquire, Russell J.E. Verby, Esquire, U.S. Department of Justice, Washington, DC, Cac–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

### MEMORANDUM [**]

Jose Esteban Balderas Romero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008), and we review de novo due process claims, *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Petitioner's motion to reopen, because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law."). Petitioner's contention that the BIA's decision violated due process therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

To the extent Petitioner contends that the BIA violated due process by failing to consider some or all of the evidence he submitted with the motion to reopen, he has not overcome the presumption that the BIA did review the record. *See Fernandez*, 439 F.3d at 603.

We lack jurisdiction to review Petitioner's contentions that the agency failed to develop the record with respect his son Kevin and that the immigration judge exhibited bias, because the petition for review is not timely as to the BIA's July 23, 2007 order dismissing Petitioner's underlying appeal. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.